```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**REBEKAH JOY DONELOW,**

      Plaintiff,

v.                                       Civil Action No. 2:11-00549

**KMART CORPORATION,**

      Defendant.


<u>MEMORANDUM OPINION AND ORDER</u>

Pending is plaintiff Rebekah Joy Donelow's motion to remand filed August 29, 2011.


I.


Ms. Donelow is a West Virginia citizen. Defendant Kmart Corporation ("Kmart") is an Illinois citizen. On August 26, 2009, Ms. Donelow was shopping at the Beckley Kmart store. She slipped and fell, suffering unspecified "severe injuries to her body." (Pl.'s Compl. at 2). Ms. Donelow apparently fell as a result of a slippery substance on the floor. The scene at the time of the incident is further described in a February 21, 2011, letter from Ms. Donelow's lawyer to Kmart:

> As she approached the school supplies area, Ms. Donelow
> slipped on a clear substance, causing her to fall

> whereupon she struck her knee and twisted her left ankle. Ms. Donelow attempted to stand and fell a second time in this oily substance. A manager from K-Mart approached the scene and stated to a nearby clerk that the clerk was to have cleaned up the spill. When the clerk advised that he could not locate the spill, the manager advised the clerk that Ms. Donelow had apparently found the spill for him.

(Ex. A, Def.'s Resp.).

Ms. Donelow asserts that she has suffered the following as a result of the accident:

> [F]uture, substantial general and special damages, including but not limited to:
>
> (a) medical expenses;
>
> (b) pain and suffering;
>
> (c) lost wages;
>
> (d) physical limitations and permanent impairment;
>
> (e) diminished capacity to enjoy life;
>
> (f) annoyance and inconvenience;
>
> (g) other consequences and damages associated with her injuries as may be specified as this action progresses.

(Compl. at 2-3).

In addition, she asserts a somewhat conditional entitlement to "punitive damages, to the extent such damages may be warranted by the evidence and permitted by applicable law." (Id. at 3). She also, however, alleges that "[t]he amount in

2

controversy is less than the $75,000 federal jurisdictional limit . . . ." (Id.) She requests as well both prejudgment and postjudgment interest "as allowed by law" and the attorneys' fees, costs, and expenses incurred. (Id.).

On August 29, 2011, Ms. Donelow moved to remand. She asserts the matter does not meet the $75,000 amount-in-controversy requirement and professes her willingness to so stipulate. (Pl.'s Mem. in Supp. at 2 ("The Plaintiff will stipulate that the maximum recovery in her case will be $75,000 or less.")). Kmart responded, inter alia, as follows:

> By letter dated February 21, 2011, nearly six months before Defendant filed its notice of removal, Plaintiff's counsel indicated that the Plaintiff had incurred approximately $10,917.86 in medical and travel expenses and "has been forced to endure significant pain, suffering, inconvenience and a loss of enjoyment of life."

(Def.'s Resp. at 2 (quoted authority omitted)).

3

II.

A.  Governing Standard

The court is vested with original jurisdiction of all actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The statute establishing diversity jurisdiction is to be strictly construed. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941); <u>Healy v. Ratta</u>, 292 U.S. 263, 270 (1934); <u>Schlumberger Indus., Inc. v. Nat'l Surety Corp.</u>, 36 F.3d 1274, 1284 (4th Cir.1994). The party seeking removal bears the burden of establishing federal jurisdiction. <u>Mulcahey v. Columbia Organic Chem. Co.</u>, 29 F.3d 148, 151 (4th Cir. 1994).

In a case that is filed initially in federal court, a district court has original jurisdiction if the requisite diversity of citizenship exists unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 289 (1938). A different analysis applies "in removal situations . . . in which the plaintiff has made an unspecified demand for damages in state court." <u>Landmark Corp. v.</u>

4

Apogee Coal Co., 945 F. Supp. 932, 935 (S.D. W. Va. 1996). This will now uniformly be the case in civil actions removed to this court pursuant to a recent change in state law.[1]

A defendant who removes a case from state court in which the damages sought are unspecified, asserting the existence of diversity jurisdiction, must prove by a preponderance of the evidence that the matter in controversy exceeds the jurisdictional amount of $75,000. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir.1996); De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir.1993) and De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir.1995); Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir.1993); Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir.1992); Sayre v. Potts, 32 F.Supp.2d 881, 885 (S.D. W. Va. 1999); Landmark Corp., 945 F. Supp. at 935.

A court often considers the entire record and makes an independent evaluation of whether the amount in controversy has been satisfied. Weddington v. Ford Motor Credit Co., 59 F. Supp.2d 578, 584 (S.D. W. Va. 1999); Mullins v. Harry's Mobile Home, Inc.,

---

[1] As noted in Scaralto v. Ferrell, No. 2:11-0533, --- F. Supp.2d --- (S.D. W. Va. Nov. 29, 2011), "In 2008, the West Virginia legislature enacted a statute that prohibits a plaintiff in a personal injury or wrongful death action from including a 'specific dollar amount or figure relating to damages' in the complaint." Id. at 4 (footnote omitted) (quoting W. Va. Code § 55-7-25 (2008)).

861 F. Supp. 22, 23 (S.D. W. Va. 1994).  It has been stated as follows:

> Important items of proof would be the type and extent of the plaintiff's injuries, . . . and the possible damages recoverable therefore, including punitive damages if appropriate. . . . The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal . . . . although the weight to be given such demands is a matter of dispute among courts.

Watterson v. GMRI, Inc., 14 F. Supp.2d 844, 850 (S.D. W. Va. 1997).  The court "'is not required to leave its common sense behind'" in determining the jurisdictional amount. (Sayre, 32 F. Supp.2d at 886-87 (quoting Mullins, 861 F. Supp. at 24)).


B.  Discussion


Respecting the type and extent of the plaintiff's injuries, the only hard number is the $10,917.86 in medical expenses set forth in the letter sent by Ms. Donelow's lawyer to Kmart.  Little is known about pain and suffering, lost wages, permanent effects, diminished capacity to enjoy life, annoyance and inconvenience, or her claim for punitive damages that is stated in rather conditional terms.  Further, inasmuch as the American Rule would apply respecting attorney fees, they may not be included in ascertaining the jurisdictional minimum.  In sum, Kmart does not appear to have satisfied its burden to demonstrate

by a preponderance of the evidence that the parties' dispute exceeds the sum or value of $75,000.

All of this is especially troubling in view of Ms. Donelow's allegation in her complaint that she seeks less than $75,000, a position she wishes to make good on by offering to now stipulate as much.

Kmart has accepted that offer to stipulate. On December 16, 2011, the court received the stipulation, in which the parties stated, <u>inter</u> <u>alia</u>, as follows:

> Plaintiff, Rebekah Joy Donelow and Defendant, Kmart Corporation, stipulate and agree that this case should be remanded from the United States District Court for the Southern District of West Virginia to Kanawha County Circuit Court since plaintiff will not accept any recovery in excess of the sum of $75,000.00 exclusive of interest and costs for the alleged injuries she sustained as a result of the incident which occurred on August 26, 2009 at the Beckley, West Virginia Kmart store.

(Jt. Stip. ¶ 2).

In view of the foregoing and the parties' stipulation, the court deems Kmart unable to satisfy its burden to demonstrate by a preponderance of the evidence that the parties' dispute exceeds the sum or value of $75,000. The court, accordingly,

ORDERS that this action be, and it hereby is, remanded to the Circuit Court of Kanawha County.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: December 29, 2011

John T. Copenhaver, Jr.
United States District Judge